**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**KAREN HOWE, as Personal Representative
of the Estate of STEPHEN HOWE, Deceased,**

      **Plaintiff,**

v.                                    **Case No. 3:06cv472/MCR**

**THE WESTERN AND SOUTHERN
LIFE INSURANCE COMPANY,**

      **Defendant.**
      _____/

**O R D E R**

In the above-entitled action Karen Howe ("plaintiff"), as personal representative of the Estate of Stephen Howe, Deceased, sues The Western and Southern Life Insurance Company ("defendant"). Pending is defendant's motion for summary judgment, to which plaintiff has responded in opposition.

Review of the docket in this case reveals the following. In May 2003 Stephen Howe, plaintiff's decedent, filed a complaint with the Florida Commission on Human Relations ("the FCHR") alleging that defendant had unlawfully terminated him from his position as an insurance agent on the basis of his disability. In June 2006 plaintiff filed the instant complaint alleging that defendant subjected Stephen Howe to employment discrimination in violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, causing him to suffer "damages, including emotional distress, loss of pay, lost interest, and attorney's fees and costs."[1] As relief for her ADA claim, plaintiff seeks, *inter alia*, an award

---

[1] The case was initiated in state court and removed to this forum on October 24, 2006. Plaintiff's complaint also alleges the violation of the Florida Civil Rights Act, Fla. Stat. § 760.10, *et seq.*, and the intentional infliction of severe emotional distress. By order dated January 17, 2007, the court granted the defendant's motion to dismiss these claims. Therefore, only the ADA claim remains in this case.

of "damages, attorney's fees and costs, and lost interest . . . ."[2]  On June 4, 2007, the FCHR issued its Final Order Awarding Affirmative Relief from an Unlawful Employment Practice. This order, *inter alia*, directs defendant to remit back pay to plaintiff in the amount of $17,523.78, plus interest; it also directs defendant to pay plaintiff attorney's fees in the amount of $30,686.25 and costs in the amount of $2,284.43, both payable to attorney Dan Stewart. Defendant appealed the June 4, 2007, order to the First District Court of Appeal, which on May 30, 2008, affirmed in a *per curiam* opinion. The mandate issued September 24, 2008. Subsequently, in an order dated October 22, 2008, this court lifted the stay it had imposed in this case pending entry of the First District Court of Appeal's ruling.

This court has previously noted that the issues in the instant case and the case heard by FCHR, and appealed to the First District Court of Appeal, appear to be similar, if not identical. Expressing the concern that granting the relief sought in each case could violate the general rule in civil cases that a plaintiff may not recover twice for the same injury, the court required the parties to brief the applicability of the "no double recovery" rule to this case. In response to defendant's brief on this issue, plaintiff noted that "the damages sought herein, if found cumulative, may be stricken or denied.  However, here there <u>are</u> damages that <u>were</u> <u>not</u> awarded in the underlying administrative state claim including those of <u>emotional</u> <u>distress</u>."  (Doc. 37 at 2-3) (emphasis in original).

Should her ADA claim in this case be successful, any award to plaintiff in this case for back pay and interest on that back pay would appear to be duplicative of the relief she has already obtained in her FCHR action. The only relief that appears to remain available to plaintiff here involves her demand for damages for emotional distress and attorney's fees/costs associated with her ADA claim. The court has cursorily reviewed the summary judgment evidence supplied by the parties and has not been able to locate evidence of record that supports plaintiff's demand for damages for emotional distress. Without any evidence to support that demand, regardless of any other findings it may make the court will not expend its limited resources imprudently by scheduling this case for trial. Plaintiff therefore shall be permitted to file a brief that (1) explains to what extent the relief she has already obtained is not duplicative of the relief she seeks here, and (2) identifies where in

---

[2] Doc. 1 at 5.

Case No. 3:06cv472/MCR/MD

the summary judgment record evidence in support of her claim for emotional distress can be found or otherwise identifies such evidence.  Plaintiffs' brief should not exceed ten pages in length.  Defendant may file a reply of no more than five pages in length.  Absent leave of court, which is unlikely to be given, neither party may submit additional evidence.

If plaintiff is able to cite (or, should leave be granted, supply) evidence supporting her demand for emotional distress damages with respect to her ADA claim, and assuming the court otherwise finds that a jury question exists, the parties are advised that prior to trial the court likely will require them to attend a settlement conference with the magistrate judge assigned to this case.

Accordingly, it is ORDERED:

1. With ten (10) days of the date of this order, plaintiff will file a brief, not to exceed ten pages in length, that (1) explains to what extent the relief she has already obtained is not duplicative of the relief she seeks here, and (2) identifies where in the summary judgment record evidence in support of her claim for emotional distress can be found or otherwise identifies such evidence.

2. Within five (5) days of plaintiff's filing her brief, defendant may file a reply of no more than five pages in length.

DONE and ORDERED this 22nd day of January, 2009.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**